HARDY, Judge.
This is an action for damages for personal injuries suffered by plaintiff, who was a guest passenger in a pick-up truck of defendant’s assured. From a judgment in favor of plaintiff, the defendant insurer has appealed and plaintiff has answered the appeal, praying for an increase in the amount of damages awarded.
The accident occurred in the late afternoon of July 3, 1958, when the truck in which plaintiff was riding, owned and driven by Joseph W. Swanner, on a secondary State highway known as the Clear Lake Road, entered the intersection with U. S. Highway 84, a preferred thoroughfare, without stopping, and was struck by an automobile owned by one Ernest E. Gorman. There is no question as to the factual conclusion that Swanner’s negligence in failing to stop and make proper observation before entering Highway 84 was the sole and proximate cause of the accident. Before this court counsel for defendant urges that (1) Swanner and plaintiff, Bowman, were engaged in a joint venture; (2) plaintiff was guilty of contributory negligence in failure to warn Swanner of the dangers attendant upon entering the preferred highway without stopping, and (3) the amount of the damages awarded plaintiff by the judgment appealed from was excessive.
It suffices to say that there are no substantial facts contained in the record before us which would justify either of the first two defenses noted above. It clearly appears that Swanner was driving plaintiff, at the time of the accident, on a mission which solely concerned the interest of plaintiff and with which Swanner had no connection, and, further, that Swanner’s participation in the venture was purely in the nature of a friendly assistance and favor to plaintiff. The contentions that plaintiff was guilty of contributory negligence are entirely without foundation under the facts conclusively established by the record.
Accordingly, we proceed to a consideration of the issue of quantum, which, in our opinion, is the only serious question *670 presented. Plaintiff suffered a fracture of one of the transverse processes of the cervical spine; was hospitalized following the accident, but voluntarily left the hospital the following day in order to attend to some of his affairs in connection with the operation of a fishing camp; returned to the hospital on July 5th, where he remained until July 14, 1958. During the period of his hospitalization plaintiff was kept in traction, and after his release from the hospital he continued under medical treatment for several weeks and wore a neck brace, at least at intervals, for an undetermined period of time. Additionally, plaintiff sustained a small laceration of the scalp and general contusions of the face.
It is urgently contended that from the date of the accident up to the trial of this case on March 17, 1959, plaintiff was unable to perform his duties as the operator of a fishing camp, and that he had suffered extensive damages by reason of pain and suffering and loss of profits, which damages were continuing in nature.
The evidence contained in the record which bears upon the claim for loss of wages is so vague, uncertain and generally unsatisfactory, that we cannot conclude there is any indication of manifest error in the action of the trial judge in rejecting plaintiff’s claims on this ground.
Nor do we find the award of damages in favor of plaintiff in the amount of $3,500 to be either inadequate or excessive. Plaintiff was sixty-three years of age at the time of the accident, and while it was established that the traumatic injury suffered caused some exaggeration of an arthritic condition, the medical testimony preponderates in favor of the conclusion that at the time of the trial plaintiff was in good physical condition for a man his age and that he was suffering no serious and continuing effects from the injuries received. This is not the usual type of whiplash injury with which this and other appellate courts have been frequently concerned, and we do not consider that plaintiff’s condition justifies a conclusion as to long continuing pain, suffering and disability. There is substantial evidence in the record which would justify a finding that plaintiff not only was able, but actually had engaged in the performance of his duties without apparent indication of disability in connection therewith.
After careful examination we are unable to find any manifest error in the award, accordingly;
It is ordered, adjudged and decreed that the judgment appealed from be, and it is hereby affirmed at appellant’s cost.